MCDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARK-ETT, JJ.,
concur.

Substitute the following entirely for existing 1.1:

1.1
PRELIMINARY INSTRUCTION

Responsibility of jury and judge.

You have now been sworn as the jury to try this case. This is a civil case involving a disputed claim or claims between the parties. Those claims and other matters will be explained to you later. By your verdictfs], you will decide the disputed issues of fact. I will decide the questions of law that arise during the trial, and before you retire to deliberate at the close of the trial, I will instruct you on the law that you are to follow and apply in reaching your verdict[s]. In other words, it is your responsibility to determine the facts and to apply the law to those facts. Thus, the function of the jury and the function of the judge are well defined, and they do not overlap. This is one of the fundamental principles of our system of justice.

Steps in trial.

Before proceeding further, it will be helpful for you to understand how a trial is conducted. In a few moments, the attorneys for the parties will have an opportunity to make opening statements, in which they may explain to you the issues in the case and summarize the facts that they expect the evidence will show. Following the opening statements, witnesses will be called to testify under oath. They will be examined and cross-examined by the attorneys. Documents and other exhibits also may be received as evidence.
After all the evidence has been received, the attorneys will again have an opportunity to address you and to make their final arguments. The statements that the attorneys now make and the arguments that they later make are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you properly understand the issues, the evidence, and the applicable law, so you should give them your close attention.
Following the final arguments by the attorneys, I will instruct you on the law.

Things to be avoided.

You should give careful attention to the testimony and other evidence as it is received and presented for your consideration, but you should not form or express any opinion about the case until you have received all the evidence, the arguments of the attorneys and the instructions on the law from me. In other words, you should not form or express any opinion about the case until you are retired to the jury room *878 to consider your verdict[s], after having heard all of these matters.
The case must be tried or heard by you only on the evidence presented during the trial in your presence, and in the presence of the attorneys and myself. You must not conduct any investigation of your own. Accordingly, you must not visit any of the places described in the evidence, or the scene of the occurrence that is the subject of the trial, unless I direct you to view the scene. Also, you must avoid reading newspaper headlines and articles relating to this case and trial. You must also avoid seeing or hearing television and radio comments or accounts of this trial while it is in progress.

Objections.

The attorneys are trained in the rules of evidence and trial procedure, and it is their duty to make all objections they feel are proper. When a lawyer makes an objection, I will either overrule or sustain the objection. If I overrule an objection to a question, the witness will answer the question. When I sustain, or uphold, an objection, the witness cannot answer the question. If I sustain an objection, you must not speculate on what might have happened, or what the witness might have said, had I permitted the witness to answer. You should not draw any inference from the question itself.

The judge’s conferences with attorneys.

During the trial, it may be necessary for me to confer with the attorneys out of your hearing, talking about matters of law and other matters that require consideration by me alone. It is impossible for me to predict when such a conference may be required or how long it will last. When such conferences occur, they will be conducted so as to consume as little of your time as necessary for a fair and orderly trial of the case.

Recesses.

During the trial we will take recesses. During these recesses you shall not discuss the case among yourselves or with anyone else, nor permit anyone to say anything to you or in your presence about the case. Further, you must not talk with the attorneys, the witnesses, or any of the parties about anything, until your deliberations are finished. In this way, any appearance of something improper can be avoided.
If during a recess you see one of the attorneys and he or she does not speak to you, or even seem to pay attention to you, please understand that the attorney is not being discourteous but is only avoiding the appearance of some improper contact with you. If anyone tries to say something to you or in your presence about this case, tell that person that you are on the jury trying this case, and ask that person to stop. If he or she keeps on, leave at once and immediately report this to the bailiff or court deputy, who will advise me.
(Explain to the jury the anticipated schedule of recesses and adjournments. The court at this point may, if appropriate, introduce the various court officials such as the clerk, bailiff or court deputy, and court reporter, explaining their duties.)
At this time, the attorneys for the parties will have an opportunity to make their opening statements, in which they may explain to you the issues in the case and give you a summary of the facts they expect the evidence will show.
NOTES ON USE OF 1.1.
1. The publication of this recommended instruction is not intended to intrude upon the trial judge’s own style and manner of delivery. It may be useful in cataloging the subjects to be covered in an introductory instruction.
2. Trial judges are encouraged to show their prospective jurors the videotape program for jury venires prepared by the State Court Administrator.

Substitute for existing j.2a Negligence (physician or hospital malpractice):

a. Negligence (physician, hospital or other health provider):
[Negligence is the failure to use reasonable care.] Reasonable care on the part of a [physician] [hospital] [health care provider] is that level of care, skill and treatment *879 which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonably careful [physicians] [hospitals] [health care providers]. Substitute for existing four Comments on 4.2a:

Comments on 4-2a

1. See § 768.45, Fla.Stat. (1985). Charge 4.2a was amended in 1986-to reflect changes in the statutory standard of care for health care providers. The charge is adapted from § 768.45(1) and is intended to embody the statutory definition of “prevailing professional standard of care” without using that expression itself, which is potentially confusing.
Generally, the first bracketed sentence in the charge should be given. But if there is an issue concerning the negligence of someone other than a health care provider, 4.1 should be given initially to define the standard of care. If 4.1 precedes 4.2a, then the first bracketed sentence of 4.2a need not be given.